## Commonwealth v. Brown

*J. Harold Hughes*, for Commonwealth.
*Edward N. Seletz*, for defendant.

OLMSTED, J., September 5, 1959. — William N. Brown has been indicted for assault and battery and failure to stop his motor vehicle. The alleged crime is a so-called hit and run accident which resulted in the injury, but not the death, of David Ranck. Defendant denies that it was his car which struck the victim. The Chester City Police Department found a side-view

automobile mirror near the hand of the victim. Defendant's car has on it a side-view automobile mirror base. Defendant contends that another automobile mirror belongs on the base. Both mirrors and the base were sent to the Federal Bureau of Investigation for tests. Also sent were dirt samples from defendant's car and the victim's clothing. All of these articles have been returned by the Federal Bureau of Investigation to the district attorney. Defendant has filed a petition asking leave to examine and experiment with these articles to refute the testimony which, he anticipates, will be offered by the Commonwealth.

Testimony was taken on September 4, 1959, at which time the district attorney took the position that the court had no authority to compel the district attorney to deliver the articles to defendant for the purpose of testing and preparing his defense.

We consider it as established by DiJoseph Petition, 394 Pa. 19, 22, that, in the language of Mr. Chief Justice Jones, the court "possesses discretionary power to permit a defendant, in appropriate circumstances, to examine and inspect in advance of trial physical or documentary evidence in the hands of the prosecution."

We consider that this case presents appropriate circumstances for such examination and inspection in advance of trial. If it be assumed that the prosecution will offer expert testimony from the Federal Bureau of Investigation to indicate that the mirror found near the injured man's hand came from defendant's car, and the detective who testified plainly indicated that such evidence would be offered, defendant is entitled to meet it, if he can, with expert rebuttal testimony. Such testimony could only be obtained if defendant's expert had the opportunity to examine and test the articles. The Commonwealth offered no testimony and gave no indication of how the prosecution would be hampered by giving defendant these articles other than the sug-

gestion that defendant's testing might change the physical structure of the exhibits. We cannot see that this is a real impediment to the prosecution. It can be made clear at the trial that the Federal Bureau of Investigation's tests, whatever they were, were performed on the articles before they were delivered to defendant.

We have therefore made an appropriate order which we think protects all legitimate interests of the prosecution and at the same time gives defendant a reasonable opportunity to prepare his defense.